UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kimberly Brooks<br>*a/k/a Kimberly Guerrero*<br><br>                              Plaintiff,<br><br><br><br>          -v.-<br><br>Admin Recovery LLC<br><br>                    Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Kimberly Brooks ("Plaintiff") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Admin Recovery LLC ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

**PARTIES**

2.     Plaintiff is a resident of the State of North Carolina , County of Mecklenburg, residing at 2610 Ocracoke Street, Charlotte, NC 28208.

3.     Defendant is a debt collector with an address at 45 Earhart Drive, Suite 102, Williamsville, NY, 14221.

4.   Admin Recovery, LLC. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.


## JURISDICTION AND VENUE

5.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).


## FACTUAL ALLEGATIONS

7.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8.   On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9.   This debt was  incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

### April 4, 2016 Collection Letter

10.   On or around April 4, 2016 the Plaintiff received a collection letter from the Defendant.

11.   This letter deceptively and incorrectly  states who the creditor is that the alleged debt is owed to.

12. The letter labeled Nordstrom as the original creditor. Nordstrom is neither a bank nor an extender of creditor.

13. Furthermore the letter does not clearly use the current creditor label making it unclear if the original creditor is still the current creditor.

14. It is deceptive to not clearly state who the creditor is on any letter sent. Mere allusions are not enough but the letter must specifically and clearly state who the creditor is. More importantly this is not the proper name of any creditor.

15. Additionally the letter sets forth a "Current Balance."

16. The letter fails to disclose whether the "Current Balance" may increase due to additional interest.

17. The letter fails to disclose whether the "Current Balance" may increase due to additional late fees.

18. The letter fails to include any "safe harbor" language concerning the accrual of interest and or fees, as required under *Avila v. Riexinger & Associates, LLC,* 817 F 3d 72, 76 (2nd Cir. 2016).

19. The letter, because of the aforementioned failures and especially due to the use of the word "Current" would render the least sophisticated consumer unable to determine the amount of his or her debt.

20. The letter because of the aforementioned failures, and especially because of the use of the word "Current" would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount was static.

21.   As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

22.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

23.   Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

24.   As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kimberly Brooks a/k/a Kimberly Guerrero demands judgment from the

Defendant Admin Recovery LLC as follows:

a)  For actual damages provided and pursuant to <u>15 U.S.C. § 1692k(a)1</u>;

b)  For statutory damages provided and pursuant to <u>15 U.S.C. § 1692k(2)(A)</u>;

c)  For attorney fees and costs provided and pursuant to <u>15 U.S.C. § 1692k(a)(3)</u>;

d)  A declaration that the Defendant's practices violated the FDCPA; and

e)  For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
       April 4, 2017

            /s/ Daniel Kohn
**RC Law Group, PLLC**
By:  Daniel Kohn
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501